UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| CURTIS DON LISTER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-cv-205 |
| ) | 3:01-cr-097 |
| ) | *Jordan* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Petitioner Curtis Don Lister ("Lister") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be **DENIED** as time-barred and this action **DISMISSED**.

Lister pleaded guilty to the charge that he, aided and abetted by another, attempted to possess with the intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). By judgment entered January 30, 2003, Lister was sentenced to a term of imprisonment of 120 months. He did not appeal his conviction or sentence. Lister now alleges he is being held for a crime he did not commit.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the Rules Governing Section 2255 Proceedings For The United States District Courts. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In Lister's case, the statute of limitation began to run on February 13, 2003, which was ten days after judgment was entered. *See* Fed. R. App. P. 4(b); Fed. R. Crim. P. 45.[1]

---

[1] Because the notice of appeal must be filed within 10 days after judgment is entered, and not after service of the judgment, the additional three days for mailing provided by Rule 26(c) of the Federal Rules of Appellate Procedure does not apply to the appeals period. *See, e.g., United States v. Smith*, No. 87-5458, 1987 WL 44633 (6th Cir. September 3, 1987) (unpublished decision); *Smith v. Livesay*, No. 86-5654, 1986 WL 17819 (6th Cir. September 22, 1986) (unpublished decision).

Lister filed his § 2255 motion on May 26, 2006[2], more than two years after the expiration of the one-year statute of limitation.

It plainly appears from the face of the motion and the prior proceedings in the case that Lister is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as untimely and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Lister leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Lister having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Leon Jordan
                                      United States District Judge

---

[2] The court received the § 2255 motion on May 30, 2006. The envelope, however, bears a prison post-mark of May 26, 2006, and thus the motion is considered filed as of that date, pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).